IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLARK ALLEN KIMBROUGH,

    Plaintiff,                        No. CIV S-98-0392 MCE JFM P

    vs.

STATE OF CALIFORNIA, et al.,

    Defendants.                   <u>FINDINGS & RECOMMENDATIONS</u>

/

        Plaintiff is a former state prisoner on parole proceeding through counsel with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendant officials with the California Department of Corrections (CDC) violated his rights under the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA) by enforcing against him grooming regulations promulgated and implemented by the CDC in 1997. He seeks injunctive relief prohibiting defendants from enforcing the regulations against him and requiring defendants to restore thirty days of good time credits lost pursuant to a disciplinary conviction for violating the grooming regulations.[1]

/////

---

[1] There is no prayer for monetary damages in this action.

1

On February 27, 2004, this court conducted an evidentiary hearing. On June 10, 2004, plaintiff filed, in propria persona, a notice of change of address evidencing his release from prison. On June 30, 2004, plaintiff was ordered to show cause in writing why this action should not be dismissed as moot. On July 19, 2004, plaintiff filed a response to the order to show cause. Plaintiff contends that his request for restoration of the thirty days of lost good time credits is not mooted by his release from prison because restoration of the lost credits would shorten his parole term.

> "Mootness can be characterized as the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." Cook Inlet Treaty Tribes v. Shalala, 166 F.3d 986, 989 (9th Cir.1999) (internal quotation marks omitted). Mootness is a jurisdictional issue, and "federal courts have no jurisdiction to hear a case that is moot, that is, where no actual or live controversy exists." Id. "If there is no longer a possibility that [a litigant] can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction." Ruvalcaba v. City of L.A., 167 F.3d 514, 521 (9th Cir.1999).

Foster v. Carson, 347 F.3d 742, 745 (9th Cir. 2003). "A federal court has no jurisdiction to hear a case that cannot affect the litigants' rights." Native Village of Noatak v. Blatchford, 38 F.3d 1505, 1509 (9th Cir. 1994) (citing Allard v. DeLorean, 884 F.2d 464, 466 (9th Cir.1989)).

As noted above, plaintiff by this action sought an order prohibiting prison officials from enforcing the grooming regulations against him and an order requiring prison officials to restore thirty days of good time credits lost pursuant to a disciplinary conviction that he suffered for failing to comply with the regulations. Plaintiff's first request has been mooted by his release from custody. He is no longer in prison and therefore no longer subject either to the grooming regulations or to the control of prison officials. A fortiori, the court cannot enjoin prison officials from enforcing those grooming regulations against plaintiff.

Plaintiff's second request for relief is also moot. Under California law, good time credits apply only to a term of imprisonment and not to any parole term. See Community

/////

1  Release Bd. v. Superior Court, 91 Cal.App.3d 814, 917 (Cal. App. 1979).  Plaintiff's term of
2  imprisonment has ended, and good time credits do not apply to his parole term.

3        Plaintiff contends that his parole term would be shortened if the credits were
4  restored because if his credits had been properly restored he would have been released on parole
5  thirty days earlier.  Plaintiff offers no authority for the proposition that restoration of the lost
6  credits at this time would effect a retroactive change in the onset of his parole term, and, as
7  discussed in the preceding paragraph, California law appears to be to the contrary.  See
8  Community Release Bd., supra.; see also Nonnette v. Small, 316 F.3d 872, 875 (9th Cir. 2002)
9  (relief from a disciplinary conviction that resulted in the loss of 360 days of good time credits
10  could not have any effect on a parole term and habeas corpus challenge would therefore be
11  moot).

12        For the foregoing reasons, this court finds that this action is moot.  It should,
13  therefore, be dismissed for lack of jurisdiction.  See Foster v. Carson, supra, citing Ruvucalba v.
14  City of L.A., supra.

15        In accordance with the above,   Accordingly, IT IS HEREBY RECOMMENDED
16  that this action be dismissed for lack of jurisdiction.

17        These findings and recommendations are submitted to the United States District
18  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days
19  after being served with these findings and recommendations, any party may file written
20  objections with the court and serve a copy on all parties.  Such a document should be captioned
21  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
22  shall be served and filed within ten days after service of the objections.  The parties are advised
23  /////
24  /////
25  /////
26  /////

1 that failure to file objections within the specified time may waive the right to appeal the District
2 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3 DATED:  September 20, 2005.

/s/ John F. Moulds
UNITED STATES MAGISTRATE JUDGE

12
kimb0392.dm