IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLARK ALLEN KIMBROUGH,

    Plaintiff,                            No. CIV S-98-0392 MCE JFM P

    vs.

STATE OF CALIFORNIA, et al.,

    Defendants.                         FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a former state prisoner on parole proceeding through counsel with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendant officials with the California Department of Corrections and Rehabilitation (CDCR) violated his rights under the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA) by enforcing against him grooming regulations promulgated and implemented by the CDC in 1997. He seeks injunctive relief prohibiting defendants from enforcing the regulations against him and requiring defendants to restore thirty days of good time credits lost pursuant to a disciplinary conviction for violating the grooming regulations.[1]

/////

---

[1] There is no prayer for monetary damages in this action.

1

1	On September 2005, this court issued findings and recommendations recommending that this action be dismissed for lack of jurisdiction, on the ground that the action was moot. On March 3, 2006, the findings and recommendations were adopted in full and the action was dismissed. Judgment was entered on the same day.

On April 3, 2006, plaintiff filed a notice of appeal from the March 3, 2006 judgment. By order filed September 25, 2006, defendants' unopposed motion to remand the matter to the district court was granted and the matter was referred back to this court "for further consideration of [plaintiff]'s claim for injunctive relief." (Order, filed September 25, 2006.) Following remand, the parties were given a period of two months to file, as appropriate, a final settlement agreement or proposed findings of fact and conclusions of law. (Order, filed January 17, 2007.) On March 19, 2007, the parties each filed a set of proposed findings of fact and conclusions of law. On March 21, 2007, defendants filed a request for judicial notice. On March 22, 2007, plaintiff filed objections to defendants' proposed findings of fact and conclusions of law and to defendants' request for judicial notice. On March 23, 2007, defendants filed a document styled "Defendants' Notice of Disapproval of Plaintiff's Proposed Findings of Fact and Conclusions of Law."

At issue is whether restoration of thirty days of lost good time credits would shorten plaintiff's parole term. In the September 2005 findings and recommendations, citing Community Release Bd. v. Superior Court, 91 Cal.App.3d 814, 917 (Cal. App. 1979) and Nonnette v. Small, 316 F.3d 872, 875 (9th Cir. 2002) , the court found that under California law good time credits apply only to a term of imprisonment and not to any parole term, that plaintiff had shown no authority for the proposition that restoration of the lost time credits would affect the length of his parole term, and that California law appeared to be to the contrary. (Findings and Recommendations, filed September 20, 2005, at 2-3.

In his proposed findings of fact and conclusions of law, plaintiff cites a state regulation and several California cases for the proposition that sentence reduction credits can

1  affect the length of a parole term and, specifically, that restoration of lost time credits can result
2  in the reduction of a former inmate's parole term. See Plaintiff's Proposed Findings of Fact and
3  Conclusions of Law, filed March 19, 2007, at 8.  In their findings of fact and conclusions of law,
4  defendants do not dispute the legal proposition presented by plaintiff.  Instead, defendants
5  represent that the thirty days of lost credits have been restored and his parole discharge date
6  recalculated.  (Defendants' Proposed Findings of Fact and Conclusions of Law, filed March 19,
7  2007, at 4.)  Plaintiff objects to the evidence presented by defendants in support of this
8  representation, contending that is "unauthenticated hearsay evidence."  (Plaintiff's Proposed
9  Findings of Fact and Conclusions of Law, at 8 n.2.)
10         In support of their proposed factual finding that plaintiff's thirty days of lost
11  credits have been restored, defendants present a chronological history form that contains an entry
12  dated February 28, 2007, which reads:

> Per modification order Settlement and Release Agreement CDC
> 115 log # 52-98-09-0712 dated 6-25-98 is dismissed.  30 days
> Kemper credits applied.  EPRD and CDD adjusted.

15  (Attachment B to Defendants' Proposed Findings of Fact and Conclusions of Law.)  The
16  chronological history reflects a change in plaintiff's controlling parole discharge date (CDD)
17  from October 3, 2007 to September 3, 2007.  (Id.)  Defendants have also presented a declaration
18  of P. Garnica, a correctional case records administrator with the CDCR.  The declarant avers
19  under penalty of perjury that on February 28, 2007, Rules Violation Report No. 52-98-06-0712
20  was expunged, thirty days of lost credits were restored to plaintiff, and his CDD was changed
21  from October 3, 2007 to September 3, 2007. (Declaration of P. Garnica in Support of
22  Defendant's Findings of Fact and Conclusions of Law, at ¶ 4.)
23         P. Garnica's declaration is competent evidence that plaintiff's grooming related
24  disciplinary conviction has been expunged and that the thirty days of lost time credits at issue
25  have been restored.  Plaintiff's objection to defendants' evidence is without merit and is
26  overruled.

As this court noted in the September 20, 2005 findings and recommendations:

> "Mootness can be characterized as the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." Cook Inlet Treaty Tribes v. Shalala, 166 F.3d 986, 989 (9th Cir.1999) (internal quotation marks omitted). Mootness is a jurisdictional issue, and "federal courts have no jurisdiction to hear a case that is moot, that is, where no actual or live controversy exists." Id. "If there is no longer a possibility that [a litigant] can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction." Ruvalcaba v. City of L.A., 167 F.3d 514, 521 (9th Cir.1999).

Foster v. Carson, 347 F.3d 742, 745 (9th Cir. 2003). "A federal court has no jurisdiction to hear a case that cannot affect the litigants' rights." Native Village of Noatak v. Blatchford, 38 F.3d 1505, 1509 (9th Cir. 1994) (citing Allard v. DeLorean, 884 F.2d 464, 466 (9th Cir.1989)).

By this action, plaintiff sought an order prohibiting prison officials from enforcing the grooming regulations against him and an order requiring prison officials to restore thirty days of good time credits lost pursuant to a disciplinary conviction that he suffered for failing to comply with the regulations. The parties agree that the first request was mooted by his release from custody except to the extent the effects of the disciplinary conviction remained. The evidence of record shows that the disciplinary conviction has been expunged, the thirty days of lost time credits restored, and, as a consequently, plaintiff's controlling parole discharge date set thirty days earlier. Plaintiff's second request for relief is thereby mooted.

For the foregoing reasons, this court finds that this action is moot. It should, therefore, be dismissed for lack of jurisdiction. See Foster v. Carson, supra, citing Ruvucalba v. City of L.A., supra.

Defendants also seek a finding that they are the prevailing party in this action and that plaintiff is not entitled to attorney's fees. The court is not prepared to make that finding on this record. Plaintiff should be given a period of thirty days in which to file, as appropriate, a motion for attorneys' fees. Any such motion should be noticed for hearing before the undersigned and briefed in accordance with the provisions of Local Rule 78-230.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. This action be dismissed for lack of jurisdiction; and

2. Plaintiff be given a period of thirty days to file, as appropriate, a motion for attorneys' fees and costs; any such motion should be noticed for hearing before the undersigned and briefed in accordance with the provisions of Local Rule 78-230.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 3, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

12
kimb0392.57