IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLARK ALLEN KIMBROUGH,

    Plaintiff,                        No. CIV S-98-0392 MCE JFM P

    vs.

STATE OF CALIFORNIA, et al.,

    Defendants.                   FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding through counsel with a civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the court on plaintiff's motion for an award of attorney's fees. Plaintiff seeks payment of attorney's fees for 54.8 hours of attorney time and 441.7 hours of law student time and expenses in the amount of $2428.58.

        Defendants contend that (1) plaintiff is not entitled to recover attorney's fees because he was a pro se litigant when he obtained preliminary injunctive relief in this action; and (2) plaintiff was not a prevailing party after the preliminary injunction expired because the remainder of the relief he obtained was voluntary and plaintiff never received a judgment on the merits of his underlying claim. Defendants also contend generally that the amount of fees requested is "grossly excessive" and they request an opportunity to brief the reasonableness of

/////

the claimed fees if the court determines plaintiff is entitled to an award of fees. Defendants' Opposition to Plaintiff's Request for Attorney's Fees, filed February 7, 2008, at 10.

## BACKGROUND

Plaintiff, proceeding prose, filed this lawsuit in March 1998. In his original complaint, plaintiff claimed in relevant part that his right to freedom of religion guaranteed by the First Amendment was violated by enforcement against him of grooming regulations promulgated and implemented by the California Department of Corrections[1] in 1997.[2] On December 23, 1999, the district court granted defendants' motion for summary judgment on the First Amendment claim and judgment was entered.

On January 6, 2000, plaintiff filed a notice of appeal from the district court's decision. On July 5, 2000, the United States Court of Appeals for the Ninth Circuit enjoined defendants from enforcing the grooming policy against plaintiff and ordered defendants to repeal all penalties imposed on plaintiff for failure to comply with the grooming standards during the pendency of the appeal. During the pendency of plaintiff's appeal, Congress passed the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"). See 42 U.S.C. § 2000 et seq. On January 30, 2001, the court of appeals issued an order affirming the district court's grant of summary judgment on plaintiff's First Amendment claim but remanding the matter for reconsideration of plaintiff's free exercise claim under RLUIPA. The court of appeals extended the July 5, 2000 injunction for a period of sixty days from issuance of the mandate to permit the parties to seek injunctive relief in this court.

On February 26, 2001, plaintiff filed a motion for injunctive relief, seeking to continue the injunction imposed by the court of appeals. On September 18, 2001, that motion was granted by the district court and defendants were enjoined from enforcing the grooming

---

[1] Now known as the California Department of Corrections and Rehabilitation.

[2] All other claims in the original complaint were dismissed by order filed June 14, 1999.

1   regulations against plaintiff until further order of court.  Thereafter, the injunction was continued
2   several times on motion of plaintiff granted by the district court.
3           On September 18, 2003, the district court denied plaintiff's motion for summary
4   judgment and referred the matter to this court for an evidentiary hearing on plaintiff's request for
5   permanent injunctive relief.  On November 6, 2003, plaintiff filed his fifth pro se motion to
6   extend the preliminary injunction.  By order filed November 13, 2003, the University of
7   California, King Hall Civil Rights Clinic was appointed as counsel for plaintiff.  On December
8   10, 2003, this court issued findings and recommendations recommending that plaintiff's
9   November 6, 2003 motion be granted.  By order filed January 7, 2004, the district court adopted
10  in full the December 10, 2003 findings and recommendations and extended the preliminary
11  injunction for another period of ninety days.
12          On February 17, 2004, this court held an evidentiary hearing on plaintiff's motion
13  for permanent injunctive relief.  On April 16, 2004, plaintiff filed a motion for restoration of
14  thirty days of good time credits lost in prison disciplinary proceedings arising from a rules
15  violation report issued on June 25, 1998.  By order filed April 30, 2004, plaintiff's motion was
16  denied without prejudice to its renewal on a proper showing.
17          On June 10, 2004, plaintiff filed a notice of change of address to a non-
18  correctional facility address.  On June 30, 2004, plaintiff was ordered to show cause in writing
19  why this action should not be dismissed as moot.  On July 19, 2004, plaintiff filed a response to
20  the order to show cause in which he contended that his request for restoration of the thirty days of
21  lost good time credits prevented this action from being moot.  On September 20, 2005, this court
22  issued findings and recommendations finding that the grooming regulations were no longer
23  applicable to plaintiff because he had been release from prison, and that "under California law
24  good time credits apply only to a term of imprisonment and not to any parole term."  Findings
25  and Recommendations, filed September 20, 2005, at 2.  This court therefore recommended
26  /////

dismissal of the action as moot.³ Plaintiff filed objections to the findings and recommendations. On March 3, 2006, the district court adopted the findings and recommendations in full and dismissed the action as moot.

On April 3, 2006, plaintiff filed a notice of appeal from the judgment. At some point during the pendency of the appeal, defendants filed a motion to remand the matter to the district court. By order filed in this court on November 27, 2006, defendants' motion, which was unopposed, was granted and the matter was remanded to this court for further consideration of plaintiff's claim for injunctive relief.

By order filed December 1, 2006, the matter was set for a status conference and the parties were directed to file a joint status report. By order filed January 17, 2007, the parties were granted until March 12, 2007 to file, as appropriate, final settlement documents. Absent achievement of a final settlement by March 12, 2007, the parties were directed to file proposed findings of facts and conclusions of law by March 19, 2007. The parties did not reach a settlement and instead filed proposed findings of fact and conclusions of law.

On October 4, 2007, this court issued findings and recommendations. Therein, the court found that the grooming related disciplinary conviction at issue had been expunged on or about February 28, 2007, and that the thirty days of lost good time credits had been applied to plaintiff's parole date and his controlling discharge date (CDD) changed from October 3, 2007 to September 3, 2007. On that basis, the court again recommended dismissal of this action as moot. The court declined to make the finding proposed by defendants that plaintiff was not entitled to attorney's fees and, instead, recommended that plaintiff be given a period of thirty days in which to file a motion for attorney's fees. Neither party filed objections to the findings and recommendations, which were adopted in full by the district court by order filed October 25,

---

³ In July 2005, the United States Court of Appeals for the Ninth Circuit decided in Warsoldier v. Woodford, 418 F.3d 989 (9th Cir. 2005) that the grooming regulations violated RLUIPA. Effective January 2006, the CDCR's grooming regulations were modified to permit inmates to wear their hair any length. See 15 Cal. Code Regs. § 3062.

2007. Judgment was entered on the same day. The instant motion was filed on November 26, 2007.

## ANALYSIS

Section 1997e(d) of Title 42 of the United States Code provides in relevant part:

> (d) Attorney's fees
>
> (1) In any action brought by a prisoner who is confined to any jail, prison, or other correctional facility, in which attorney's fees are authorized under section 1988 of this title, such fees shall not be awarded, except to the extent that–
>
> (A) the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights protected by a statute pursuant to which a fee may be awarded under section 1988 of this title; and
>
> (B)(I) the amount of the fee is proportionately related to the court ordered relief for the violation; or
>
> (ii) the fee was directly and reasonably incurred in enforcing the relief ordered for the violation.
>
> . . . .
>
> (3) No award of attorney's fees in an action described in paragraph (1) shall be based on an hourly rate greater than 150 percent of the hourly rate established under section 3006A of Title 18, for payment of court-appointed counsel.

42 U.S.C. § 1997e(d). Section 1988 of Title 42 of the United States Code authorizes the court to award attorneys' fees to prevailing parties in actions brought under 42 U.S.C. § 1983. Section 1988 provides in relevant part:

> In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, and 1986 of this title, title IX of Public Law 92-318 . . ., or title VI of the Civil Rights Act of 1964, the court in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as a part of the costs.

A. <u>Prevailing Party</u>

In order to receive an award of attorney's fees under § 1988, a party must be a "prevailing party" within the meaning of the statute. "In <u>Buckhannon Bd. & Care Home, Inc. v.</u>

5

W. Va. Dep't of Health & Human Res., 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001), the Supreme Court clarified who constitutes a prevailing party for the purpose of awarding attorney's fees. According to Buckhannon, a litigant must meet two criteria to qualify as a prevailing party. First, he must achieve a 'material alteration of the legal relationship of the parties.' Second, that alteration must be 'judicially sanctioned.' Id. at 604-05, 121 S.Ct. 1835." Carbonell v. I.N.S., 429 F.3d 894, 898 (9th Cir. 2005).[4] Defendants' principle contention in opposition to the instant motion is that plaintiff was not a "prevailing party" in this litigation as that term has been defined by Buckhannon because all of the relief plaintiff obtained after he was represented by counsel arose from "voluntary actions taken by Defendants" and plaintiff never obtained any enforceable judicial relief. Defendants' Opposition to Plaintiff's Request for Attorney's Fees, filed February 7, 2008, at 8.

The United States Court of Appeals for the Ninth Circuit has "rejected overly narrow interpretations of Buckhannon and held on a number of occasions that '[j]udgments and consent decrees are examples ... but they are not the only examples' of judicial action sufficient to convey prevailing party status." Carbonell, 429 F.3d at 898-99 (citing Watson v. County of Riverside, 300 F.3d 1092, 1096 (9th Cir.2002) and Tipton-Whittingham v. City of L.A., 316 F.3d 1058, 1062 (9th Cir.2003)). In Carbonell, the court of appeals held that "the first prong of the prevailing party test, which requires a material alteration in the legal relationship between the parties" was satisfied by a stipulated stay of departure entered into by the parties in that action. Carbonell, at 900. The second prong of the prevailing party test was satisfied by the district court's incorporation of that stipulation into an order. Id. at 901.

As noted above, in September 2005, this court found that this action had been mooted by plaintiff's release from prison. In relevant part, the court found that "[u]nder California law, good time credits apply only to a term of imprisonment and not to any parole

---

[4] The holding in Buckhannon applies to claims for attorney's fees under 42 U.S.C. § 1988. See Bennett v. Yoshina, 259 F.3d 1097, 1100-01 (9th Cir. 2001).

term" and that restoration of the lost credits would not shorten plaintiff's parole term. Findings and Recommendations, filed September 20, 2005, at 2-3.[5] Those findings and recommendations were adopted in March 2006 and judgment was entered. Plaintiff filed a notice of appeal from that judgment. Thereafter, defendants moved to remand the matter to the district court. Kimbrough v. State of California, No. 06-15612 (9th Cir. Sep. 25, 2006). On September 25, 2006, the court of appeals granted defendants' unopposed motion and remanded the matter "to the district court for further consideration of appellant's claim for injunctive relief." Id. Following remand, defendants restored the thirty days of lost good time credits and applied those thirty days to reduce plaintiff's parole term. See Attachment B to Defendants' Proposed Findings of Facts and Conclusions of Law, filed March 16, 2007.

When plaintiff filed his notice of appeal, he had lost his claim for restoration of the lost good time credits. Defendants' unopposed motion to remand put that claim back in issue and thereby materially altered the legal relationship between the parties, and the court of appeals' order granting that motion "judicially sanctioned" that change in the parties' legal relationship. See Carbonell, supra.

Defendants contend that the order from the court of appeals is insufficient to confer prevailing party status on plaintiff because it neither directed or sanctioned the relief sought by plaintiff in this lawsuit. This argument is unavailing. "[A] litigant can be a prevailing party even if he has not obtained affirmative relief in his underlying action." Carbonell, at 900. The issue is whether plaintiff "'succeeded on any significant issue in litigation which achieved some of the benefit [he] sought in bringing suit'", Carbonell at 900 n.5 (quoting Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 791-92 (1989)), and whether that success has been "stamped with some 'judicial imprimatur.'" Carbonell, at 900. In the instant

---

[5] Plaintiff did not dispute this court's finding that his claim for an injunction precluding further enforcement of the grooming regulations against him had been mooted by his release from prison. See Plaintiff's Objections to Magistrate Judge's Findings and Recommendations, filed September 30, 2005.

7

case, the directive of the order of remand to the district court was to revisit plaintiff's remaining claim for injunctive relief arising from the lost good time credits.  Under the circumstances of this case, that was of sufficient benefit to plaintiff to render him a prevailing party.

For these reasons, this court finds that plaintiff is a "prevailing party" under 42 U.S.C. § 1988.

### B. Reasonableness of Fees

" '[T]he most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.' " Farrar v. Hobby, 506 U.S. 103, 114, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) (quoting Hensley v. Eckerhart, 461 U.S. 424, 436, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). While it is the district court's responsibility to "make the assessment of what is a reasonable fee under the circumstances of the case," id. at 115, 113 S.Ct. 566 (quoting Blanchard v. Bergeron, 489 U.S. 87, 96, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989)), the court must exercise its discretion with an eye toward "the relationship between the extent of success and the amount of the fee award." Id. at 115-16, 113 S.Ct. 566(quoting Hensley, 461 U.S. at 438, 103 S.Ct. 1933). When a plaintiff "achieve[s] only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." Id. at 114, 113 S.Ct. 566(quoting Hensley, 461 U.S. at 436, 103 S.Ct. 1933).

Dannenberg v. Valadez, 338 F.3d 1070, 1074 (9th Cir. 2003).  "In making the award, the district court must strike a balance between granting sufficient fees to attract qualified counsel to civil rights cases, City of Riverside v. Rivera, 477 U.S. 561, 579-80 (1986), and avoiding a windfall to counsel, see Blum v. Stenson, 465 U.S. 886, 897 (1984)." Moreno v. City of Sacramento, __ F.3d __, 2008 WL 2875300, slip op. at 1 (July 28, 2008).

/////
/////
/////
/////
/////
/////

1   Plaintiff seeks an award of fees and costs in the amount of $47,497.18[6] and
2   $2,428.58, respectively. As noted above, defendants did not brief the reasonableness of the
3   requested fee award in their opposition to plaintiff's motion.[7] The court has reviewed the fee
4   request. Cf. Moreno, slip op. at 6 ("If opposing counsel cannot come up with specific reasons for
5   reducing the fee request that the district court finds persuasive, it should normally grant the
6   award in full, or with no more than a haircut.")

7   In the instant case, when counsel accepted appointment to represent plaintiff in
8   this action defendants were precluded by a series of preliminary injunctions from enforcing the
9   grooming regulations against plaintiff. The relief remaining to be won consisted in making the
10  preliminary injunction permanent and obtaining restoration of lost time credits and reduction in
11  plaintiff's prison sentence. During the course of representation, plaintiff was released from
12  custody and the grooming regulations were modified, rendering moot the need for permanent
13  injunctive relief against enforcement of those regulations. Thus, the principle relief sought by
14  counsel was the restoration of the lost time credits and reduction of plaintiff's term of custody.
15  This relief was obtained in full, and under the circumstances of this case the court finds
16  reasonable the number of hours expended to obtain the relief.

17  One reduction is required. Pursuant to 42 U.S.C. § 1997e(d)(3), no award of
18  attorney's fees in this case "shall be based on an hourly rate greater than 150 percent of the
19  hourly rate established under section 3006A of Title 18, for payment of court-appointed

---

[6] The fees sought be plaintiff are as follows: The King Hall Civil Rights Clinic at U.C. Davis School of Law (the Clinic) seeks attorneys' fees for work performed by Carter C. White, Esq., the supervising attorney at the Clinic at the U.C. Davis School of Law, on this case in the amount of $9.288.60, representing 54.8 hours of attorney time at $169.50 per hour; for work performed by certified law students Joseph DeSantis and Meghan Haswell on this case in the amount of $10,610.00, representing 106.1 hours of certified law student time at $100.00 per hour; and for work performed by Joseph Chun, Emelyn Rodriguez, and Sean Strauss on this case in the amount of $25,170.00.

[7] Defendants' request to brief the reasonableness of the fee award only if and when the court determines that plaintiff is a prevailing party is denied. The time to oppose the reasonableness of the requested fees was in the opposition to plaintiff's motion.

counsel." 42 U.S.C. § 1997e(d)(3).  The current applicable hourly rate for court-appointed counsel is $100.00 per hour.  <u>See</u> Memorandum dated December 28, 2007, from James C. Duff. The Clinic seeks fees for work performed by Carter C. White, Esq., at a rate of $169.50 per hour. In accordance with 42 U.S.C. § 1997e(d)(3), the court will reduce that hourly rate to $150.00 per hour and will and recommend an award of $8,220.00 for work performed by Carter C. White, Esq.  The court will recommend that the award sought for the work performed by the certified law students be paid in full.  Finally, defendants have not objected to plaintiff's request for costs and the court will recommend that the request for costs be granted.

For the foregoing reasons, the court will recommend a reduction of $1068.60 in the fees sought by plaintiff to reflect the statutory hourly rate for Mr. White.  The court will recommend that the Clinic be awarded attorneys' fees in the amount of $46,428.58 and costs in the amount of $2,428.58, respectively.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's November 26, 2007 motion for attorney's fees be granted in part;

2. Plaintiff be awarded reasonable attorney's fees for work performed in this action in the amount of $46,428.58, payable to the King Hall Civil Rights Clinic at U.C. Davis;

3. Defendants shall pay to plaintiff's costs in the amount of $2,428.58.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised

/////

/////

/////

1  that failure to file objections within the specified time may waive the right to appeal the District
2  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: July 31, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

12
kimb0392.fee